| UNITED STATES BANKRUPTCY COURT | kp7299/MK |
| SOUTHERN DISTRICT OF NEW YORK | December 7, 2022 |
| ------------------------------------------------x | 9:00 AM |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
IN RE:

GERASIMOS STEFANITSIS,

                        Debtor.
------------------------------------------------x

kp7299/MK
December 7, 2022
9:00 AM

Chapter 13
Case No. 22-22507-CGM-13

**NOTICE OF MOTION**

       PLEASE TAKE NOTICE, that upon the within application, the Chapter 13 Trustee will move this court before the Honorable Cecelia G. Morris, U.S. Bankruptcy Judge, at the United States Bankruptcy Court, VIA ZOOM on the 7th day of December, 2022 at 9:00 AM, or as soon thereafter as counsel can be heard, for an Order pursuant to 11 U.S.C. §1307(c) for cause, dismissing this Chapter 13 case and for such other and further relief as may seem just and proper.

       **PLEASE TAKE FURTHER NOTICE, that any hearing on the within application will be held by telephone or Zoom video conference only. No in-person hearing will be held in the Courthouse. Participants are required to register their appearance at https:// ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl 48 hours before the scheduled hearing.**

       Responsive papers shall be filed with the Bankruptcy Court and served upon the Chapter 13 Trustee, Krista M. Preuss, Esq., no later than seven (7) days prior to the hearing date set forth above. Any responsive papers shall be in conformity with the Federal Rules of Civil Procedure and indicate the entity submitting the response, the nature of the response and the basis of the response.

Date:  White Plains, New York
        November 8, 2022

                                                        /s/ *Krista M. Preuss*
                                                        KRISTA M. PREUSS, CHAPTER 13 TRUSTEE
                                                        399 KNOLLWOOD ROAD, STE 102
                                                        WHITE PLAINS, NY 10603
                                                        (914)328-6333

```
UNITED STATES BANKRUPTCY COURT          kp7299/MK
SOUTHERN DISTRICT OF NEW YORK           December 7, 2022
-----------------------------------x    09:00 AM
IN RE:
                                        Chapter 13
GERASIMOS STEFANITSIS,                  Case No: 22-22507-CGM-13

                                                APPLICATION
                        Debtor.
-----------------------------------x
```

TO THE HONORABLE CECELIA G. MORRIS, U.S. BANKRUPTCY JUDGE:

KRISTA M. PREUSS, ESQ., Standing Chapter 13 Trustee in the above-captioned estate, respectfully represents the following:

1. The Debtor filed a petition under the provisions of 11 U.S.C. Chapter 11 Subchapter V on August 1, 2022 and the case was thereafter converted to Chapter 13 on October 4, 2022, and KRISTA M. PREUSS was duly appointed and qualified as Trustee.

2. The Debtor's proposed Chapter 13 plan is not feasible as it is not adequately funded to provide for full repayment to the secured claims as required by 11 U.S.C. §1325(a)(5).

3. Debtor has failed to amend the plan to specifically reference all secured creditors and pre-petition arrears consistent with the amounts listed in the filed claims as required by 11 U.S.C. §1325(a)(5).

4. From an initial examination of the Debtor in the 341(a) meeting held on October 28, 2022, the Debtor's petition and Schedules contain many errors and omissions and the Trustee was unable to conduct a comprehensive and thorough exam of this Debtor. For example, the Debtor testified that he was the owner of multiple restaurants including: "Hudson Pier Restaurant", "The Yacht Club", and "Molos". None of this information is disclosed, nor has the Trustee been provided with any profit and loss statements for each to determine the income to Debtor from these businesses. The 341(a) meeting has been held open and adjourned to December 9, 2022, for additional testimony upon the filing of complete and correct schedules and supporting documents.

5. The Debtor is not paying all disposable income into the Plan as required by 11 U.S.C. §1325(b)(1)(B). The Debtor's budget (Schedules I & J) reflect disposable income of $10,452.01, however the proposed plan payment is only $7,871.02. Upon information and belief, there is also additional income from the restaurant businesses which is not properly included in Debtor's budget.

6. As a result of the lack of disclosures and incorrect information as described herein, the Trustee respectfully requests the Court find the Plan has not been proposed in good faith as required by 11 U.S.C.§1325(a)(3), and that the petition itself was not filed in good faith under 11 U.S.C.§1325(a)(7) and that the case be dismissed or converted to Chapter 7.

7. Based upon the limited information the Trustee has, and upon information and belief, the Debtor's proposed Chapter 13 Plan fails to comply with the best interest of creditors test as set forth in 11 U.S.C. §1325(a)(4) in that the unsecured creditors will receive less than the amount that would be paid if the estate of the Debtor were liquidated under Chapter 7, and as such it cannot be confirmed. The Court should consider a conversion of the case to Chapter 7 as a result of all the reasons stated herein.

8. Furthermore, the Debtor has failed to:

    a. properly disclose all bank accounts the Debtor's name appears upon in the petition and schedules which require amendment. Additionally, the Trustee respectfully requests 6 months of bank statements for each bank account;

    b. provide the Trustee with documentation of the current value of all real property in which the Debtor has an ownership interest;

    c. provide to the Trustee with copies of verified monthly operating reports each month for any and all business income (one for each business);

    d. provide to the Trustee with copies of monthly mortgage statements to support the expense claimed in Schedule J;

    e. file an Official Form B22C, Statement of Monthly Income and Disposable Income as required by 11 U.S.C. §521(a)(1)(B)(v);

    f. provide the Trustee with proof of filed 2019 and 2020, federal and state tax returns as required pursuant to 11 U.S.C. § 521(f)(1), and the 341(a) meeting remains open as a result;

    g. file with the Court evidence that the Debtor has completed an instructional course concerning personal financial management as required by 11 U.S.C. §1328(g)(1); and

    h. file with the Court a certification that all amounts payable under a domestic support obligation have been paid as required by 11 U.S.C. §1328(a).

9. Debtor's Counsel filed his 2016(b) Statement disclosing his compensation showing that he was paid $15,000.00 in pre-petition legal fees. See, ECF Dkt. No. 21. The source of the compensation says "Other- Paid for by a third party" and is an inadequate disclosure as the Court has not been advised who paid these fees on Debtor's behalf and upon what terms. *Id* at ¶2-3. Further, it is alleged that the compensation is going to be shared with persons who are not a member of Counsel's law firm. *Id.* at ¶4. No information or agreement has been provided detailing any such arrangement to share compensation despite the representation that it is attached to the 2016(b) statement. The Trustee respectfully requests Counsel by directed to file an amended disclosure of compensation providing this information.

10. Further, given the lack of substance or accuracy of the filings in this case as set forth herein, the Trustee hereby objects that the $15,000.00 legal fees paid to Counsel pre-petition are excessive and exceed the reasonable value of services under a Section 329(b) analysis and respectfully requests the Court consider at least a partial reduction and disgorgement of same.

11. The deficiencies as stated above impede the Trustee's ability to administer this case and, therefore, is a default that is prejudicial to the rights of the creditors of the Debtor pursuant to 11 U.S.C. §1307(c)(1).

12. The foregoing constitutes cause to dismiss or convert this Chapter 13 case within the meaning of 11 U.S.C. §1307(c).

WHEREFORE, the Chapter 13 Trustee respectfully requests that this Court enter an Order dismissing this Chapter 13 case, or in the alternative convert it to Chapter 7, and for such other and further relief as may seem just and proper.

Dated: White Plains, New York
November 8, 2022

/s/ *Krista M. Preuss*
Krista M. Preuss, Chapter 13 Trustee

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x     Case No: 22-22507-CGM-13
IN RE:

   GERASIMOS STEFANITSIS,
                                                      CERTIFICATE OF SERVICE
                                                             BY MAIL
                        Debtor.
------------------------------------------------x
```

        This is to certify that I, Nancy Alexander, have this day served a true, accurate and correct copy of the within Notice of Motion and Application by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

GERASIMOS STEFANITSIS
234 UNION AVENUE
HARRISON, NY 10528

LAWRENCE F. MORRISON, ESQ.
87 WALKER STREET, FLOOR 2
NEW YORK, NY 10013

ROBYN E GOLDSTEIN, ESQ.
DAVID A. GALLO & ASSOCIATES LLP
99 POWERHOUSE ROAD
FIRST FLOOR
ROSLYN HEIGHTS, NY 1157

ZACHARY SCOTT KAPLAN, ESQ.
SACCO & FILLAS, LLP
31-19 NEWTOWN AVENUE
STE 7TH FLOOR
ASTORIA, NY 11102


This November 8, 2022

/s/Nancy Alexander
Nancy Alexander, Paralegal
Office of the Standing Chapter 13 Trustee
Krista M. Preuss, Esq.
399 Knollwood Road, Suite 102
White Plains, New York 10603
(914) 328-6333

CASE NO: 22-22507-CGM-13
Hon. CECELIA G. MORRIS

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------
IN RE:

GERASIMOS STEFANITSIS,

               Debtor.

**NOTICE OF MOTION, APPLICATION
and
CERTIFICATE OF SERVICE**

**KRISTA M. PREUSS
STANDING CHAPTER 13 TRUSTEE
399 KNOLLWOOD ROAD, SUITE 102
WHITE PLAINS, NEW YORK 10603
(914) 328-6333**