UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re:

**GERASIMOS STEFANITSIS**

Debtor.
-------------------------------------------------------------------X

Chapter 11

Case No. 22-22507-CGM

## **DECLARATION OF GERASIMOS STEFANITSIS**

I, Gerasimos Stefanitsis, declare under the penalty of perjury, the following:

1. I am the debtor herein and make this affidavit to address the order to show cause filed by the court regarding the payment of legal fees to my bankruptcy counsel – Morrison Tenenbaum.

2. I am a restaurant owner and entrepreneur. I presently own and operate 2 restaurants throughout the tri-state area.

3. In January 2019, one of my holdings – the Pelham Bay Diner –closed because it could not support its debt service. At the time of closing, the Pelham Bay Diner owed $323,119.77 to the New York State Department of Finance and an additional $274,390.50 to the Internal Revenue Service. Because the diner was a disregarded entity for tax purposes, these amounts passed through to me personally. My personal monthly finances would have permitted me to make these payments.

4. In or around March 2020, I consulted with Lawrence Morrison at Morrison Tenenbaum PLLC regarding my options for dealing with this tax debt. I was introduced to Mr. Morrison by my then family attorney Mr. John Mitchell. I needed guidance on whether I was personally liable for this corporate debt and what my options were.

5. Mr. Morrison and I consulted for two years and attempted to resolve this debt outside of a bankruptcy process. As a result of the impact of the pandemic on my restaurants, and the length of time fighting, I finally decided to file for bankruptcy in July 2022.

6. Given the size of the tax claims and the fact that I owned businesses, we determined initially that I would commence my restructuring under chapter 11 of the Bankruptcy Code. These debts were primarily related to my prior business and we felt that Chapter 11 would provide the best means for proposing a plan of reorganization that would give me a fresh start.

7. Mr. Morrison and I settled on a $15,000 retainer for this chapter 11. That retainer was sized to account for the complexity of filing and conducting a chapter 11 for a business person who owns multiple operating restaurants and the additional reporting requirements that arise thereunder. I was advised that in chapter 11, a business owner is required to provide monthly reporting on himself, as well as regular reporting on any businesses where the debtor owns a controlling interest. Additionally, we anticipated the potential for negotiations or litigation with my secured creditors and with the IRS and New York State Department of Finance.

8. I was further advised that Mr. Morrison's hourly rate is $550 per hour and that this retainer would cover 27 hours of Mr, Morrison's time, which would not have been sufficient time to finish all the efforts needed to prepare and conduct the proposed chapter 11 case.

9. This case was initially filed under Chapter 11 on August 1, 2022. Mr. Morrison and I discussed a proposed plan of reorganization where I would repay my tax debts over a five-year period using income I derived personally from my other businesses. After further consideration of (i) the time and effort it would take me to comply with the chapter 11 reporting process, (ii) the additional cost to me of retaining an accountant familiar with chapter 11 that could manage preparing all appropriate reports, and (iii) the nature of the plan on which we were settled, I determined – with the assistance of counsel – that I could obtain similar relief through chapter 13 of the Bankruptcy Code. I instructed Mr. Morrison to prepare the conversion papers. By that time, Mr. Morrison had spent 26.5 hours working with me and my accountants to prepare schedules, attend a 341 meetings, and lay the ground work for a plan and disclosure statement.

10. On August 30, 2022 Mr. Morrison prepared and filed a motion to convert the case to chapter 13. On October 4, 2022, the case was converted from Chapter 11 to Chapter 13.

11. While I had hoped that the less burdensome, though still important, reporting requirements in chapter 13 would be easier for my accountants to handle, my accountants became ill and were unable to deliver information requested by the trustee or required by the process in a timely and effective manner, which prevented Mr. Morrison from making necessary amendments to my disclosures and satisfying information requests. All through this process, Mr. Morrison continued to advise and attempted to manage this case. Unfortunately, as a result of these issues with my accountant, and as a result of a concern with the retainer, the Chapter 13 Trustee moved for dismissal of this case.

12. Ultimately, I determined that I could reach a similar arrangement with the taxing authorities without the overlay of bankruptcy and requested Mr. Morrison consent to dismissal of this case. At all times, I approved of the work Mr. Morrison did and the time incurred by him on my behalf.

13. As noted above, Mr. Morrison and I agreed upon a retainer in the amount of $15,000. I did not have sufficient liquid assets in my personal accounts to fund this retainer. However, I own a number of operating businesses. I own Hudson Pier Seafood Corp doing business as The Yacht Club and Ionio Seafood House LLC doing business as Molos Restaurant. I own 50% of each business, with my daughter Eliana Stefanitsis owning the other 50%.

14. This information was inadvertently left off my schedules, which were prepared by my accountants. While Mr. Morrison and I reviewed the schedules before filing, we missed this lack of disclosure. We disclosed these interests to the trustee during the 341 meeting, and had instructed the accountants to update the schedules with full information regarding these interests; however, my accountant was not able to provide the information in a timely manner.

15. As disclosed above, I am the owner with my daughter of all the equity interests in Ionio Seafood House LLC, which operates a restaurant in New Jersey. I instructed Ionio Seafood House to pay the retainer from its operating account on my behalf. Mr. Morrison does not currently represent Ionio Seafood House, and has no prior relationship with this business.

16. I apologize to the court for the failures in disclosure and the appearance of impropriety caused thereby. These failures were not intentional. I am continuing to work with Mr. Morrison outside the context of bankruptcy to address my liabilities and value his advice and counsel.

Dated: December 21, 2022

_____
**Gerasimos Stefanitsis**